## Laura Schwartz, Appellant, v. City of Chicago, Appellee.

### Gen. No. 25,763.

1. MUNICIPAL CORPORATIONS—*when breach of agreement as to moving building in conflict with condemnation decree not actionable.* Where, by the decree in condemnation proceedings for the purpose of widening a street, the city acquired not only the right to possession of the portion of plaintiff's premises which was condemned, but it also became the owner of the part condemned, including improvements, and was decreed to pay to plaintiff a certain amount in payment of any damages that might be caused to the portion of the improvements not taken by reason of the removal of the portion taken, a demurrer was properly sustained to an action by plaintiff for damages based upon an alleged oral agreement with the President of the Board of Local Improvements, whereby plaintiff was to be allowed time to move her building back to the new street line, and the demolishing of the condemned portion of the building regardless of such agreement.

2. MUNICIPAL CORPORATIONS—*power of officers to enter into agreement in conflict with rights given by condemnation decree.* The President of the Board of Local Improvements of the City of Chicago could not interfere with the rights obtained by the City of Chicago in condemnation proceedings by personally making any agreement or promise, either with or without a consideration, under which the owner was to have certain rights with regard to

the condemned property, contrary to the provisions of the condemnation decree.

3.    MUNICIPAL CORPORATIONS—*powers of President of Board of Local Improvements to enter into contracts.*  A statute providing that the President of the Board of Local Improvements shall have power "to execute contracts, vouchers, bonds, pay rolls, and all other papers, documents and instruments, necessary to carry this act and all proceedings hereunder into  *  *  *  effect" [Hurd's Rev. St. ch. 24, § 512, J. & A. ¶ 1393], does not empower such president to make such contracts personally as he may choose to but simply to execute such contracts as may lawfully be made by the board.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH B. DAVID, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1919.  Affirmed.  Opinion filed June 18, 1921.

BELL & ASSELIN, for appellant.

SAMUEL A. ETTELSON, for appellee; FRANK S. RIGHEIMER, JOHN A. BUGEE and ADOLPH RADNITZER, of counsel.

MR. JUSTICE THOMSON delivered the opinion of the court.

By this action the plaintiff, Laura Schwartz, sought to recover damages alleged to have been suffered by her by reason of the demolishing of a building owned by her, under the circumstances set forth in her amended declaration.  She alleged in her amended declaration that she was the owner of certain premises located on West 12th street in the City of Chicago, improved with a three-story building; that the defendant, City of Chicago, in connection with an improvement involving the widening of 12th street, instituted certain condemnation proceedings involving the plaintiff's property, as a result of which, a part of her property was duly condemned; that in these condemnation proceedings the plaintiff was awarded the sum of $3,675 for the north 42 feet of her lot and the further sum of $4,700, as the owner of the

improvements on said north 42 feet, "including all damage to the remainder of the improvements not taken." She further alleged that said latter sum was awarded for the purpose of removing the building back to the new front line of the lot. It was alleged that the court, in the condemnation proceedings, duly entered an order giving the City of Chicago the right at any time "to take possession of, damage and use," for the purpose above referred to, the portion of the plaintiff's premises so condemned. The plaintiff also alleged that she remained in possession of her premises beyond the date on which the City of Chicago obtained the order of possession and that subsequent to the date said order of possession was entered, and while the plaintiff remained in possession of her premises, she, for a valuable consideration, "entered into an agreement with the President of the Board of Local Improvements of the City of Chicago, the duly authorized agent of the defendant herein," whereby she was permitted to retain possession of the premises until a later date for the purpose of removing the building from the condemned portion of her lot and that the President of the Board at that time verbally agreed with the plaintiff that she might have until the later date designated to remove her building without interference from the city, and that relying upon said agreement she proceeded to arrange to have the building removed, but that before the building had been removed and before the expiration of the time agreed upon, "the defendant, by the President of the Board of Local Improvements," entered into a contract with a wrecking company, pursuant to which the plaintiff's building was torn down and removed and its materials appropriated by parties other than the plaintiff.

A demurrer to the original declaration was ordered to stand as to the amended declaration and was then sustained as to said amended declaration and judg-

ment was entered in favor of the defendant and against the plaintiff for costs. The plaintiff elected to stand by the amended declaration and perfected this appeal, to reverse the judgment referred to.

In our opinion the judgment of the superior court must be affirmed, if, for no other reason, because under the decree entered by the court in the condemnation proceedings, the defendant, City of Chicago, acquired not only the right to possession of the portion of the plaintiff's premises which was condemned, but it became the owner of the part condemned, including the improvements, and the defendant also was decreed to pay the plaintiff a certain amount in payment of any damages that might be caused to the portion of improvements not taken, by reason of the removel of that portion of the improvements which was taken. It is obvious that the President of the Board of Local Improvements could not interfere with the rights thus obtained by the City of Chicago in the condemnation proceedings, by personally making any agreement or promise, either with or without a consideration, under which the plaintiff was to have certain rights with regard to the property, contrary to the provisions of the decree which had been entered in favor of the city in the condemnation proceedings. The plaintiff specifically avers in her declaration that it is provided by statute that the President of the Board of Local Improvements shall have power, among other things, "to execute contracts, vouchers, bonds, pay rolls and all other papers, documents and instruments necessary to carry this act and all proceedings hereunder into full force and effect." [Hurd's Rev. St. ch. 24, sec. 512, J. & A. ¶ 1393.] After setting up that specific authority vested in the President of the Board of Local Improvements by the statute, the plaintiff refers to him as "the duly authorized agent of the defendant herein." This declaration does not sufficiently set forth a contract between the plaintiff and the defend-

ant, through or by the President of the Board, but merely an oral understanding or agreement had between the plaintiff and the President of the Board of Local Improvements.

It is, of course, apparent that under the provisions of the statute referred to, the President of the Board of Local Improvements is not empowered to make such contract personally as he may choose to, but he is simply empowered to execute such contract as may be made lawfully by the board. The plaintiff might have made out her case if she had alleged an agreement duly acted upon and entered into by the Board of Local Improvements and, pursuant to such action, duly executed by the President of the Board.

For the reasons stated, the judgment of the superior court is affirmed.

*Affirmed.*

TAYLOR, P. J., and O'CONNOR, J., concur.